# United States District Court
for the
# District of Alaska
### Petition for Warrant or Summons for Offender Under Supervised Release

Name of Offender: MCCLOUD, Scott          Case Number: A03-0128-CR (JKS)

Sentencing Judicial Officer:    James K. Singleton, Senior U.S. District Court Judge

Date of Original Sentence:    June 25, 2004

Original Offense:    Making, Uttering & Possessing Forged Securities

Original Sentence:    1 month imprisonment, 3 years supervised release

Date Supervision Commenced:    July 30, 2004

Asst. U.S. Attorney: Retta Randall          Defense Attorney: M. Dieni (FPD)

---

## PETITIONING THE COURT

[X]    To issue a warrant
[ ]    To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervised release:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that on May 16, 2006, the defendant committed the offense of Theft in the 3rd Degree in violation of AS11.46.140(a)(1).  This violation is a Grade C violation. |
| 2 | The defendant has violated the Special Condition of Supervision "The defendant shall refrain from unlawful use of controlled substances and shall submit to one drug test within 15 days or release on supervision and at least two periodic drug tests thereafter, not to exceed 12 tests per month, at the direction of the probation officer," in that on or about December 20, 2005, the defendant used cocaine, as evidenced by a signed admission form to the use of cocaine.  This violation is a Grade C violation. |
| 3 | The defendant has violated the Special Condition of Supervision "The defendant shall refrain from unlawful use of controlled substances and shall submit to one drug test within 15 days or release on supervision and at least two periodic drug tests thereafter, not to exceed 12 tests per month, at the direction of the probation officer," in that on or about February 16, 2006, the defendant used cocaine, as evidenced by laboratory results and a signed admission form to the use of cocaine.  This violation is a Grade C violation. |

*Petition for Warrant or Summons*
Name of Offender        :      MCCLOUD, Scott
Case Number             :      A03-0128-CR (JKS)

4        The defendant has violated the Special Condition of Supervision "The defendant shall refrain from unlawful use of controlled substances and shall submit to one drug test within 15 days or release on supervision and at least two periodic drug tests thereafter, not to exceed 12 tests per month, at the direction of the probation officer," in that on or about April 9, 2006, the defendant used cocaine, as evidenced by laboratory results and a signed admission form to the use of cocaine.  This violation is a Grade C violation.

5        The defendant has violated the Standard Condition of Supervision 11, "The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer," in that on May 19, 2006, the defendant failed to notify the probation officer that he was arrested by the Airport Police Officer.   This violation is a Grade C violation.

U.S. Probation Officer Recommendation:

The term of supervised release should be:

[X]    Revoked
[ ]    Extended for _____ year(s), for a total term of _____ years.

[ ]    The conditions of supervised release should be modified as follows:.

Respectfully submitted,

**REDACTED SIGNATURE**

Beth A. Mader
U.S. Probation/Pretrial Services Officer
Date: May 19, 2006

Approved by:

**REDACTED SIGNATURE**

Eric D. Odegard
Supervising U.S. Probation Officer

THE COURT ORDERS

[X]    *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender. The*

petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s).  The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]     The issuance of a summons.  The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s).  The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]     Other:

**REDACTED SIGNATURE**

James K. Singleton
Senior U.S. District Court Judge

5/19/2006
Date

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(I), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.
**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio,* 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge.  Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

# United States District Court

for the

## DISTRICT OF ALASKA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case Number: A03-0128-CR (JKS) |
| | ) | |
| vs. | ) | DECLARATION IN SUPPORT OF PETITION |
| | ) | |
| | ) | |
| MCCLOUD, Scott | ) | |

I, Beth Mader, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of supervised release for Scott McCloud, and in that capacity declare as follows:

On June 24, 2004, the defendant was sentenced to a term of imprisonment for 1 month to be served consecutive with case number A03-0014-CR (AHB) with 3 years supervised release to follow. His term of supervision commenced on July 30, 2004.

On June 9, 2005, a petition for warrant for offender under supervised release was filed alleging 5 violations of conditions of supervision.

On July 5, 2005, the defendant was found in violation of his conditions of supervision, his term of supervised release was revoked, he was sentenced to credit for time already served with 2 years supervised release to follow. This term of supervised release commenced on July 5, 2005.

On May 16, 2006, the defendant was arrested by the Airport Police Department for the offense of Theft in the 3rd Degree. According to the Airport Police Department investigation, the defendant, while at his place of employment, was seen on security cameras removing a 31" television set, valued at approximately $350.00, from the conference room. According to the defendant's supervisor, the defendant did not have permission to do this. When interviewed, the defendant admitted he had removed the television from his place of employment with the intent to borrow it for a party and return it afterwards. The defendant admitted that he had stolen items in the past to support his drug habit, however, he stated he no longer has a drug habit. Subsequently the defendant was arrested by Airport Police for the crime of Theft in the 3rd Degree. To date the defendant has not contacted the probation officer to report the police contact or the arrest.

On December 19, 2005, the defendant failed to report for a urinalysis. On December 20, 2005, the probation officer contacted the defendant at his residence regarding the missed

urinalysis. At that time the defendant admitted he had used cocaine on December 18, 2005. The defendant signed a written admission that he had used cocaine.

On February 16, 2006, the defendant submitted to a urinalysis that tested positive for cocaine. At that time the defendant admitted he had used cocaine on February 12, 2006. The defendant signed a written admission that he had used cocaine.

On April 13, 2006, the defendant submitted to a urinalysis that tested positive for cocaine. At that time the defendant admitted he had used cocaine on April 9, 2006. The defendant signed a written admission that he had used cocaine.

Executed this 19th day of May, 2006, at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

REDACTED SIGNATURE

Beth Mader
U.S. Probation Officer